State v. George

---

STATE OF NORTH CAROLINA v. ARLIN GEORGE

No. 7412SC872

(Filed 5 February 1975)

1. **Criminal Law § 92— consolidation of charges for trial**
    The trial court did not err in consolidating for trial charges against defendant for four offenses of felonious breaking and entering and four offenses of felonious larceny which allegedly occurred on two separate dates.

2. **Burglary and Unlawful Breakings § 5;  Larceny § 7— breaking and entering — larceny — sufficiency of evidence**
    The State's evidence was sufficient for the jury on three charges of felonious breaking and entering and three charges of felonious larceny but was insufficient for the jury on a fourth charge of each crime.

ON *certiorari* to review judgments of *Braswell, Judge,* entered at the 10 June 1974 Criminal Session of Superior Court held in CUMBERLAND County.

By indictments, proper in form, defendant was charged with four offenses of felonious breaking or entering and four offenses of felonious larceny. Six of the offenses allegedly occurred on 4 January 1974 and the other two on 9 January 1974. Over defendant's objection and on motion of the State, the cases were consolidated for trial. Defendant pleaded not guilty to all charges.

A jury found defendant guilty as charged and the court entered judgments imposing prison sentences under the Youthful Offender Statute (G.S. 148-49.2) for the following terms: In no. 74-CR-4083, 10 years; in no. 74-CR-4084, two years, to begin at expiration of sentence imposed in 74-CR-4083; in no.

74-CR-4085, two years, to begin at expiration of sentence imposed in no. 74-CR-4084; and in no. 74-CR-4086, 10 years, to run concurrently with sentence imposed in no. 74-CR-4083.

Defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorneys Robert P. Gruber and Jesse C. Brake, for the State.*

*Rose, Thorp and Rand, by Anthony E. Rand, and Cherry and Grimes, by Sol G. Cherry, for defendant appellant.*

BRITT, Judge.

[1] Defendant contends the trial court erred in consolidating the cases for trial. This contention has no merit. Allowance of the State's motion to consolidate the cases was within the discretion of the trial judge, *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336 (1972), and no abuse of discretion is shown.

[2] Defendant contends the trial court erred in overruling his motions to nonsuit all charges. We have carefully reviewed the evidence and conclude that it was sufficient to withstand the motions for nonsuit on all charges except charges alleged in no. 74-CR-4085; we hold that the evidence in that case was insufficient and the motions for nonsuit as to it should have been allowed.

In nos. 74-CR-4083, 74-CR-4084, and 74-CR-4086, no error.

In no. 74-CR-4085, reversed.

Chief Judge BROCK and Judge CLARK concur.